UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br><br>　　　　Defendant. | Case No. 13-cv-05558-MEJ<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 22, 24 |

## INTRODUCTION

Plaintiff Richard Hoff ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant Carolyn Colvin, the Acting Commissioner of Social Security, to reduce his supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Pending before the Court are the parties' cross-motions for summary judgment. Dkt. Nos. 22, 24. Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument. Having carefully reviewed the parties' papers, the Administrative Record ("AR") in this case, and relevant legal authority, the Court hereby DENIES Plaintiff's Motion and GRANTS Defendant's cross-motion for summary judgment for the reasons set forth below.

## BACKGROUND

Plaintiff has been a recipient of supplemental security income since approximately May 2005. AR 10. He co-owns a home and lives with Margaret Gerner. AR 17, 86. Plaintiff and Ms. Gerner originally paid equal amounts for household expenses. AR 18. In April 2007, Margaret Garner submitted an expense report stating total household expenses amounted to $1691.00, where Plaintiff paid for approximately half the expenses, or $845.50. AR 13-14. However, in

February 2012, the mortgage rate on their home increased from an interest-only payment of $1,188.00 to a principle plus interest payment of $1,700. AR 18-19, 86. When the mortgage payment increased, Plaintiff was no longer able to pay an equal amount – he contributed his SSI payment of $854.40 per month, compared to payments by Ms. Gerner's contribution of $1,313.00. AR 19, 29.

On March 20, 2012, Plaintiff received a general notice from the Social Security Administration ("SSA") about income and SSI payments, explaining that SSI payments will be reduced for certain unearned or earned income. AR 32-33. On May 5, Plaintiff received notice that his benefits were going to be reduced beginning June 1, 2012 to $742.90 due to food or shelter he received from someone else, which SSA valued at $131.50. AR 34-39. On May 16, SSA informed Plaintiff that his monthly benefit amount would be further reduced to $642.90. AR 42. SSA again stated that his payment was being reduced because the value of food and shelter was being paid by someone else, and SSA therefore valued his income at $211.50. AR 49-50. On July 31, 2012, Plaintiff received a third notice that his benefits would be reduced, this time to $621.74, due to food or shelter he received from someone else. SSA therefore valued his income at $232.66. AR 59-65.

On June 27, 2012, Plaintiff requested reconsideration of SSA's decision to decrease his benefits, stating that he did not agree with the determination that he did not contribute equally to household expenses because, "At the end of the month I never have any money left over after paying my share of our expenses." AR 51. Plaintiff received an unfavorable decision from the SSA on July 24, 2012, finding that the previous decision to lower his SSI payments due to in-kind support and maintenance was correct. AR 56. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). AR 85.

On February 6, 2013, ALJ Maxine Benmour held a hearing on the matter. AR 112-27. At the hearing, Plaintiff testified that he did not pay one-half of the household expenses, but he devoted "a huge amount of labor," including collecting firewood for heating, that should be included in the calculation. AR 118. He testified that their mortgage payment had been $1,188.00

2

1  per month, but it had since gone up to $1,771.00 when the interest-only mortgage rose to a
2  principle plus interest payment. AR 117-18, 121. He also testified that there were additional
3  utility expenses, but he was unsure of the current amount. AR 118-19.

4  ALJ Benmour issued an unfavorable decision on March 22, 2013. AR 8-12. The ALJ found that Plaintiff: (1) is a beneficiary of supplemental security income benefits; (2) resides in a household as a co-owner with Margaret Gerner; and (3) there is evidence of in-kind support and maintenance as he is unable to cover one-half of the household expenses, or his pro-rata share of the household operating expenses. AR 11-12. The ALJ explained that the main issue in this case is whether Plaintiff received in-kind support for his pro-rata share of household expenses. AR 10. The ALJ noted that 20 C.F.R. § 416.1102 defines income as anything received in cash or in-kind, and that 20 C.F.R. § 416.1130(b) defines in-kind support as including payments made for mortgages, rent, heating fuel, gas, electricity, water, and sewer. AR 10. The ALJ noted that when a claimant receives in-kind payments, the regulations require a one-third reduction rule or the presumed value rule to reduce the SSI payments. AR 10. Based on these findings, the ALJ determined that SSA properly reduced Plaintiff's SSI benefits. AR 12. This decision became final when the Appeals Council declined to review it on September 20, 2013. AR 2-5. Having exhausted all administrative remedies, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

On May 5, 2014, Plaintiff filed the present Motion for Summary Judgment. Dkt. No. 22. On June 2, 2014, the Commissioner filed a Cross-Motion for Summary Judgment. Dkt. No. 24.

## LEGAL STANDARD

This Court has jurisdiction to review final decisions of the Commissioner pursuant to 42 U.S.C. § 405(g). The ALJ's decision must be affirmed if the findings are "supported by substantial evidence and if the [ALJ] applied the correct legal standards." *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (citation omitted). "Substantial evidence means more than a scintilla but less than a preponderance" of evidence that "a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Jamerson v. Chater*, 112 F.3d 1064. 1066 (9th Cir. 1997), *Flaten v. Sec'y of Health &*

3

*Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). The court must consider the administrative record as a whole, weighing the evidence that both supports and detracts from the ALJ's conclusion. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). However, "where the evidence is susceptible to more than one rational interpretation," the court must uphold the ALJ's decision. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Determinations of credibility, resolution of conflicts in medical testimony, and all other ambiguities are to be resolved by the ALJ. *Id.*

Additionally, the harmless error rule applies where substantial evidence otherwise supports the ALJ's decision. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990). A court may not reverse an ALJ's decision on account of an error that is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). "'[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'" *Id.* (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

In his Motion, Plaintiff argues it is unfair that an SSI recipient "must fork up 50% of the rent or house payments–by far our greatest expense–no matter how unequal the living arrangements may be." Pl.'s Mot. at 4. He contends that he should not be held liable for 50% of their household expenses since Ms. Gerner has the only bedroom in their home while he has to sleep in his truck. *Id.* at 3. He further argues that, while his financial contribution to household expenses is less than Ms. Gerner's, he makes up for it by doing work on their property. *Id.* Plaintiff maintains that the ALJ failed to take his labor into account when determining his contribution. *Id.*

In response, Defendant argues that, since it is undisputed that Plaintiff lives in a household with one other person, he is required to pay half of the operational expenses. Def.'s Mot. at 4. Since Plaintiff was unable to pay his pro-rata share according to the regulations and was receiving in-kind assistance, SSA appropriately followed the law and regulations and deducted Plaintiff's

SSI payments for this in-kind assistance. *Id.* The Commissioner maintains that Plaintiff's work on the property, and the fact that he and Ms. Gerner have different uses of the house, does not change the calculus for his pro-rata share because the regulatory calculation requires that both should pay equal shares in operational household expenses. *Id.*

The SSI program provides monthly benefits to aged, blind, or disabled individuals whose income and resources do not exceed certain limits. 42 U.S.C. § 1382(a)(1); *Gordon v. Se'y. of Health & Human Servs.*, 803 F.2d 1071, 1073 (9th Cir. 1986). For the purpose of calculating benefits for eligible claimants, income is defined to include both earned and unearned income, and unearned income is defined to include "support and maintenance furnished in cash or in kind." 42 U.S.C. § 1382a(a); 1382a(a)(2)(A). The regulations define in-kind support and maintenance as "any food, clothing, or shelter that is given to you or that you receive because someone else pays for it." 20 C.F.R. § 416.1130(b). While bills paid by a third party on behalf of an SSI recipient are not, in and of themselves, considered income, the value of anything the recipient receives as a result of such payment is included in the recipient's income if what is received fits within the definition of in-kind income. 20 C.F.R. § 416.1103(g); *Ellis v. Apfel*, 147 F.3d 139, 141 (2d Cir. 1998). Thus, "[i]ncome is anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. § 416.1102.

There are two methods for determining a SSI recipient's income. If the SSI recipient lives in the household of another person who provides both food and shelter, in-kind income is valued at one-third of the recipient's federal benefit rate, regardless of its actual value. 20 C.F.R. § 416.1130(c). If the beneficiary does not meet this test, either because the regulations deem him to live in his own household or because he is not receiving both food and shelter from another person, then the "presumed value" rule requires reduction of benefits only to the extent of support and maintenance actually received. *Id.* The maximum value under the presumed value rule is equal to one-third of a claimant's federal benefit rate plus the amount of the general income exclusion applicable to unearned income. 20 C.F.R. § 416.1140(a)(1).

Here, it is undisputed that Plaintiff lives in his own household with Ms. Gerner. AR 17,

5

86. *See* 20 C.F.R. § 416.1132(c)(1) (A person lives in his own household if he has an ownership interest in the home). Thus, under 20 C.F.R. § 416.1133(b), Plaintiff's "pro rata share of household operating expenses is the average monthly household operating expenses (based on a reasonable estimate if exact figures are not available) divided by the number of people in the household, regardless of age." As there are two people in the household, Plaintiff is required to pay half of the operational expenses. Plaintiff and Ms. Gerner's expenses totaled at least $1,922.00. AR 19, 56. Plaintiff contributed his SSI benefits of $854.40 per month, compared to Ms. Gerner's contribution of $1,313.00. AR 19, 29. Thus, Plaintiff was unable to pay his pro-rata share according to the regulations and was receiving in-kind assistance. *See* 20 C.F.R. §§ 416.1102, 1130, 1133. Although Plaintiff argues that the ALJ failed to take into account that he does not have use of the entire property and that he also contributes to the household with his labor, SSA regulations do not account for these additional factors in determining whether he received in-kind support and maintenance. *See* 20 C.F.R. §§ 416.1102, 1130, 1133.

In calculating how much Ms. Gerner's support reduced Plaintiff's monthly benefit, SSA used the maximum SSI benefit, $698.00, and, under the presumed value rule, deducted one-third of this rate, or $232.66.[1] AR 66. Based on these calculations, the Court finds that SSA appropriately followed the law and regulations and deducted Plaintiff's SSI payments for this in-kind assistance.

Plaintiff also argues that it is unfair that he "must fork up 50% of the rent or house payments–by far our greatest expense–no matter how unequal the living arrangements may be." Pl.'s Mot. at 4. However, the agency's rationale is consistent with the statutory requirement that SSA refrain from determining benefits eligibility "solely on the basis of declarations by the applicant concerning eligibility factors or other relevant facts" and verify relevant information using "independent or collateral sources" so that "benefits are only provided to eligible individuals" and "the amounts of such benefits are correct." 42 U.S.C § 1383(e)(1)(B)(i). Further,

---

[1] It appears that the in-kind assistance totaled $252.66, but SSA reduced the amount in compliance with the presumed value rule. AR 66.

the rule self-evidently serves one of the two principal aims of the SSI program, namely, preventing dissipation of government resources "through neglect, abuse, or fraud." *Jones v. Shalala*, 5 F.3d 447, 450 (9th Cir. 1993) (quoting *Lyon v. Bowen*, 802 F.2d 794, 797 (5th Cir. 1986)). Finally, the presumed value rule supplies SSA with a clear and, importantly, an easily administrable rule. *Cf. Weinberger v. Salfi*, 422 U.S. 749, 784 (1975) ("The administrative difficulties of individual eligibility determinations are without doubt matters which Congress may consider when determining whether to rely on rules which sweep more broadly than the evils with which they seek to deal.")

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment. The Clerk of Court shall enter judgment in favor of the Commissioner.

**IT IS SO ORDERED.**

Dated: June 24, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

7